IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                        *

   CITY BIKES, INC.,                   *    Case No. 23-00267-ELG

   Debtor.                              *    Chapter 7

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEBTOR'S OPPOSITION TO AMENDED MOTION FOR ORDER (I) CONFIRMING THE AUTOMATIC STAY WAS TERMINATED WITH RESPECT TO THE LEASE FOR THE PROPERTY LOCATED AT 4810 WISCONSIN AVENUE, N.W., WASHINGTON D.C. BECAUSE SUCH LEASE TERMINATED ON ITS ON TERMS ON OCTOBER 31, 2023, AND THE PREMISES IS NO LONGER PROPERTY OF THE ESTATE, AND (II) COMPELLING PAYMENT OF POST-PETITION LEASE OBLIGATIONS**

    City Bikes, Inc. (**"Debtor"**), in the above-captioned bankruptcy case, by and through undersigned counsel, hereby responds in opposition to the above-captioned motion (**"Motion"**) filed by 4800 Wisconsin Avenue, LLC (**"Landlord"**) and states as follows:

    1.    Debtor agrees that its lease with Landlord is month-to-month and will not be assumed. Debtor also believes that Landlord is entitled to possession of the premises, allowing for a reasonable time in which to remove Debtor's inventory, which is predominantly purchase money security interest property and is currently being safeguarded pending disposition by the Chapter 7 Trustee.

    2.    Debtor further agrees that Landlord may also be paid post-petition rent while the inventory is removed/returned to secured creditors and liquidation of the remaining property has been effectuated. Debtor has turned over all funds to the Chapter 7 Trustee and thus lacks the ability to pay post-petition rent.

Brian V. Lee, Esq.  DC Bar 978834<br>
*Counsel for the Debtor*<br>
1250 Connecticut Ave NW, 7th Floor<br>
Washington, DC  20036<br>
(202) 448-5136  |  bvlee@lee-legal.com

1

3. The Debtor also agrees that Landlord is entitled to a timeline by which Landlord can prepare for re-letting of the premises. It is Debtor's sincerest hope that the secured creditors in this case – in addition to the Landlord – will meaningfully participate at the Meeting of Creditors scheduled for November 22, 2023, in order that such a timeline can be established.

4. The Debtor, however, does not agree that the Landlord is entitled to immediate possession of the property without a reasonable period within which to orderly dispose of the inventory and equipment therein. Debtor further disagrees, as we imagine do the secured creditors, that Landlord is entitled to the contents of the property.

For the foregoing reasons, Debtor requests that the Motion be denied.

Respectfully submitted,

**LEE LEGAL**

/s/   Brian V. Lee
Brian V. Lee, Esq., Bar no. 978834
*Counsel for Debtor*
1250 Connecticut Avenue
Seventh Floor
Washington, DC  20036
(202) 448-5136
bvlee@lee-legal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 16, 2023, a copy of the foregoing was served via this Court's ECF system upon all parties registered to receive notices in this case.

/s/  Brian V. Lee
Brian V. Lee, Esq., Bar no. 978834