# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-00267 |
| CITY BIKES, INC., ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**TRUIST BANK'S RESPONSE AND LIMITED OBJECTION TO
AMENDED MOTION FOR ORDER CONFIRMING TERMINATION OF STAY
AND TO COMPEL PAYMENT OF POST-PETITION LEASE OBLIGATIONS**

Truist Bank ("*Truist*"), a creditor and interested party herein, through counsel, hereby files this response and limited objection (the "*Response*") to the *Amended Motion for Order (I) Confirming the Automatic Stay was Terminated with Respect to the Lease for the Property Located at 4810 Wisconsin Avenue, N.W., Washington, D.C. Because Such Lease Terminated on October 31, 2023 and the Premises is No Longer Property of the Estate, and (II) Compelling Payment of Post-petition Lease Obligations* (Dkt. No. 23) (the "*Motion*"), and respectfully states as follows:

1. The Debtor initiated this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on September 21, 2023. Wendell Webster (the "*Trustee*") was subsequently appointed Chapter 7 Trustee.

2. On June 15, 2022, the Debtor made a Promissory Note (the "*Note*") in favor of Truist in the original principal amount of $99,855.00 (the "*Loan*"). As security for the Loan, the Debtor executed a Commercial Security Agreement (the "*Security Agreement*") in which the Debtor granted a security interest in the following collateral (the "*Truist Collateral*"):

> All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); together with, all insurance policies and refunds, all good will, all records and data and embedded software, all equipment, inventory and software to utilize, create, maintain and process any records and data on electronic media, and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired and wherever located; and all accessions, additions, substitutions, replacements, products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing.

The definition of collateral in the Security Agreement includes collateral "whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located."

3. Truist perfected its security interests by filing a UCC Financing Statement, which was recorded with the District of Columbia Recorder of Deeds on August 19, 2022 as Document No. 2022087418.

4. Accordingly, Truist has a properly-perfected lien on the Debtor's inventory, equipment, and other personal property as described above.

5. As of the Petition Date, the balance due on the Loan exceeded $80,000.00.[1] Truist reserves all rights with respect to its lien position and the amounts due.

6. On October 19, 2023, Debtors filed their Schedules (Dkt. No. 19). The Schedules list nearly 40 pages of inventory, including many dozens of bikes with values of thousands of dollars each. *See* Dkt. 19, pp. 8-54. Two creditors have filed proofs of claim asserting claims secured by bicycle inventory. *See* POC Nos. 2, 3.

7. The First Meeting of Creditors pursuant to 11 U.S.C. § 341(a) (the "*Section 341 Meeting*") is scheduled for November 22, 2023 at 10:30 am. Dkt. No. 16.

8. The Debtor has locations at 4800 Wisconsin Avenue, NW (the "*Wisconsin Avenue Location*") and on Champlain Street, NW in Washington, D.C. Upon information and belief, Truist Collateral, including certain Debtor-owned inventory and equipment, is located at both City Bikes locations.

---

[1] Additional amounts are due to Truist pursuant to a Commercial ONE Card Agreement executed by the Debtor.

9. On November 2, 2023, 4800 Wisconsin Avenue, LLC (the "**Landlord**"), the Landlord for the Wisconsin Avenue Location, filed the Motion in which the Landlord seeks an order:

   a. confirming the automatic stay was terminated with respect to the leased Premises because the Lease terminated by its own terms on October 31, 2023, and the Premises is no longer property of the estate, and

   b. compelling the Debtor in this case to timely perform all of its post-petition obligations under the lease, including the payment of holdover rent.

According to the Motion, the Landlord seeks relief under 11 U.S.C. §§ 362(b)(10), 362(j), 365(d)(3), 503(b)(1), 507(a)(2), and 541(b)(2) and Fed. R. Bankr. P. 4001.

10. In addition, paragraph 22 of the Motion states that "Landlord further requests an order granting Landlord explicit authority to dispose of any abandoned property pursuant to the terms of the Lease." Dkt. No. 23, ¶ 22. As authority for this request, the Landlord cites to provisions of its lease, one of which provides that "any personal property of Tenant may be removed from the Demised Premises and stored in any public warehouse at the risk and expense of Tenant."

11. In the proposed order filed with the Motion, the Landlord asks that the Court declare that any personal property remaining at the Wisconsin Avenue Location is solely the exclusive property of the Landlord:

> 4. Any property of Debtor not removed upon Debtor's surrender of the Premises shall become the exclusive property of Landlord and may be disposed of by Landlord, at Debtor's cost and expense.

Dkt. No. 23, p. 12. In effect, Landlord is asking the Court to determine that the liens on such property are extinguished and the estate's interest is abandoned.

12. Truist has a perfected lien on property of the Debtor located at the Wisconsin Avenue Location.

3

13. Truist objects to the entry of an order granting ownership of its collateral to Landlord.

14. Truist submits that it is premature to make determinations as to ownership of potentially valuable personal property prior to the Section 341 Meeting, which is scheduled for November 22, 2023.

15. Truist submits that Landlord has not articulated a statutory basis for the elimination Truist's perfected liens on the Truist Collateral.

16. Section 554(b) specifies that a party in interest may request an order that the trustee abandon property. A party seeking relief under this section must comply with Bankruptcy Rule 6007(b), which provides that "a party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate."

17. The Motion does not specify that Landlord seeks relief under Section 554(b) or Rule 6007(b), nor does it identify any statutory basis to determine convey sole ownership in the personal property located at the Wisconsin Avenue Location to Landlord.

18. Accordingly, Landlord's request for a determination as to ownership of the personal property should be overruled because the Landlord has failed to satisfy the statutory requirements for such relief.

19. To the extent that the Court grants any relief as to the personal property located at the Wisconsin Avenue Location, all interested creditors should be afforded an opportunity to inspect the personal property on the premises, identify their collateral, and remove their collateral.

20.    To the extent that the Court determines that the estate's interest in the Debtor's personal property is abandoned, it should confirm that the order does not affect any creditor's liens on such personal property.

21.    Finally, Truist submits that the provisions of Rule 4001(a)(3) should apply with respect to any order entered in response to the Motion in this case in which a Section 341 Meeting has not yet been convened.

WHEREFORE, Truist Bank respectfully requests that the Court (i) overrule Landlord's request that the Court find that the property at the Wisconsin Avenue Location becomes the exclusive property of the Landlord, (ii) confirm that any rulings regarding the estate's interest in personal property do not affect any creditors' liens on such property, (iii) deny the Landlord's request under Rule 4001(a)(3), and (iv) grant such other relief as is just and appropriate.

Dated: November 15, 2023                      Respectfully submitted,

                                                    /s/ J. David Folds
J. David Folds (Bar No. 449791)
Baker Donelson Bearman
 Caldwell & Berkowitz, PC
901 K Street NW, Suite 900
Washington, DC 20001
dfolds@bakerdonelson.com
Tel: (202) 508-3441
Fax: (202) 220-2241

Counsel for Truist Bank

**CERTIFICATE OF SERVICE**

I, J. David Folds, hereby certify that on the 15th day of November, 2023, a true and correct copy of the foregoing response was served via this Court's ECF system upon all parties who have requested ECF notification from the Court in this Case.

      /s/ J. David Folds
J. David Folds (Bar No. 449791)
Baker Donelson Bearman
 Caldwell & Berkowitz, PC
901 K Street NW, Suite 900
Washington, DC 20001
dfolds@bakerdonelson.com
Tel: (202) 508-3441
Fax: (202) 220-2241

Counsel for Truist Bank