The order below is hereby signed.

Signed: December 11 2023



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-00267 |
| CITY BIKES, INC., | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

**AGREED ORDER (I) CONFIRMING THE AUTOMATIC STAY WAS TERMINATED WITH RESPECT TO THE LEASE FOR THE PROPERTY LOCATED AT 4810 WISCONSIN AVENUE, N.W., WASHINGTON D.C. BECAUSE SUCH LEASE TERMINATED ON ITS ON TERMS ON OCTOBER 31, 2023, AND THE PREMISES IS NO LONGER PROPERTY OF THE ESTATE, AND (II) COMPELLING PAYMENT OF POST-PETITION LEASE OBLIGATIONS**

Upon consideration of the *Motion for Order (I) Confirming the Automatic Stay was Terminated with Respect to the Lease for the Property Located at 4810 Wisconsin Avenue, N.W., Washington D.C. Because Such Lease Terminated on October 31, 2023, and the Premises is no Longer Property of the Estate, and (II) Compelling Payment of Post-petition Lease Obligations* (the "**Motion**")[1], for entry of an order pursuant to section 362(j) of the Bankruptcy Code confirming the termination of the automatic stay and pursuant to sections 365(d)(3), 503(b)(1), and 507(a)(2) of the Bankruptcy Code compelling payment of post-petition Lease obligations; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; the

---

[1] Any capitalized term used, but not defined herein, shall have the same meaning ascribed to it within the Motion.

92218511.4

Court having determined that venue is proper under 28 U.S.C. § 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(a); and the Court having determined that proper and adequate notice of the Motion has been given and that no other or further notice is required; and it further appearing that any objection to the Motion having been filed is resolved or overruled; and it further appearing that the relief requested in the Motion is reasonable and necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Lease terminated by its own terms on October 31, 2023 and the Debtor has no further possessory right to the Premises.

3. The automatic stay imposed by section 362(a) of the Bankruptcy Code terminated with respect to the Premises effective as of November 1, 2023.

4. The automatic stay of 11 USC § 362 is TERMINATED to permit Specialized Bicycle Components, Inc. ("**Specialized**"), Truist Bank ("**Truist**"), and any other secured creditor (collectively, "**Secured Creditors**"), to repossess their collateral from the Premises and exercise their rights as secured creditors. All Secured Creditors shall remove their collateral from the Premises within thirty (30) days of entry of this Order; provided, that, the parties may mutually agree to an extension of such deadline. Secured Creditors shall coordinate with Landlord and the Debtor to schedule the removal of their respective collateral. Landlord shall provide reasonable access to the Premises during normal business hours and after reasonable notice so that the Secured Creditors, or their designee, may inspect and retrieve their collateral.

5. Debtor shall remove its property from the Premises within thirty (30) days of entry of this Order; provided, that, the parties may mutually agree to an extension of such deadline (the

92218511.4

"**Removal Deadline**"). Any property of Debtor not comprised of a Secured Creditor's collateral not removed by the Removal Deadline shall become the exclusive property of Landlord and may be disposed of by Landlord, at Debtor's cost and expense.

6.   To the extent that the Debtor or Trustee does not remove property from the Premises by the Removal Deadline, the estate shall be deemed to have abandoned its interest in such property.

7.   The Debtor's holdover rent obligations incurred after October 31, 2023 are allowed as an administrative expense, and the Debtor shall pay such within 3 business days of the date of entry of this Order, or as otherwise agreed to between the parties.

8.   This Order shall become effective immediately upon entry by the Court and is not subject to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

9.   The Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**END OF ORDER**

Respectfully submitted by:

POLSINELLI PC

By: */s/D. Jack Blum*
**D. Jack Blum**
D.C. State Bar Number: 1027170
jack.blum@polsinelli.com
Mark B. Joachim (admission pending)
mjoachim@polsinelli.com
1401 Eye Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 772-8483
Facsimile: (202) 315-2564

92218511.4

ATTORNEYS FOR LANDLORD
4800 WISCONSIN AVENUE LLC

AND

**LEE LEGAL**
/s/ *Brian V. Lee*
Brian V. Lee, Esq., Bar no. 978834
*Counsel for Debtor*
1250 Connecticut Avenue
Seventh Floor
Washington, DC 20036
(202) 448-5136
bvlee@lee-legal.com

ATTORNEYS FOR DEBTOR

AND

/s/ *J. David Folds*
J. David Folds (Bar No. 449791)
Baker Donelson Bearman
Caldwell & Berkowitz, PC
901 K Street NW, Suite 900
Washington, DC 20001
dfolds@bakerdonelson.com
Tel: (202) 508-3441
Fax: (202) 220-2241

COUNSEL FOR TRUIST BANK

AND

/s/ *Malcom B. Savage*
Malcolm B. Savage, III (DC Bar No. 1600528)
LEWIS BRISBOIS BISGAARD & SMITH LLP
2112 Pennsylvania Avenue NW, Suite 500
Washington, DC 20037
malcolm.savage@lewisbrisbois.com
(202) 926-2907

ATTORNEYS FOR SPECIALIZED BICYCLE COMPONENTS, INC.

92218511.4